IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NCM GROUP HOLDINGS, LLC, | § | |
| | § | |
| Defendant/Counter- | § | No. 506, 2017 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Court of Chancery |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. 12067 |
| LVI GROUP INVESTMENTS, LLC, | § | |
| | § | |
| Plaintiff/Counter- | § | |
| Defendant Below, | § | |
| | § | |
| and | § | |
| | § | |
| NORTHSTAR GROUP HOLDINGS, | § | |
| LLC and SCOTT STATE, | § | |
| | § | |
| Counter-Defendants Below, | § | |
| Appellees. | | |

Submitted: December 6, 2017
Decided: January 17, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

# O R D E R

This 17th day of January 2018, having considered the notice and supplemental notice of appeal from an interlocutory order under Supreme Court Rule 42, it appears to the Court that:

(1)     In the Court of Chancery, the parties are litigating competing claims of fraud in connection with a merger. This interlocutory appeal arises from a Court of

Chancery bench ruling, issued on November 1, 2017, that denied Appellant-Defendant/Counter-Plaintiff Below NCM Group Holdings, LLC's motion to modify a stipulated protective order. The protective order, entered on August 29, 2016, governed the use of discovery material in litigation arising from alleged misrepresentations in a merger. Paragraph 9 of the protective order provided that discovery material "shall be used solely for purposes of this litigation and shall not be used for any other purpose, including … any other litigation or proceedings."[1] NCM sought to modify the protective order so it could use information learned from discovery material in the Delaware litigation to file complaints in Illinois and New York against individuals who might not be subject to personal jurisdiction in Delaware.[2]

(2)     The Court of Chancery concluded NCM had not shown good cause for modification because the opposing parties' substantial reliance on paragraph 9 of the protective order in how they handled document production outweighed NCM's desire to use discovery material to sue individuals outside of Delaware. The Court of Chancery also granted Appellee-Counter Defendant Below NorthStar Group Holdings, LLC's motion to enter a protective order for the production of highly confidential privileged discovery material that limited the use of that material to the

---

[1] Protective Order ¶ 9.
[2] NCM has since sued two of the individuals in New York without relying on the discovery material.

current litigation. On November 13, 2017, NCM filed an application for certification to take an interlocutory appeal. Appellee-Plaintiff/Counter-Defendant Below LVI Group Investments, LLC, NorthStar, and Appellee Counter-Defendant Below Scott State opposed the application.

(3) On December 4, 2017, the Court of Chancery denied the application.[3] The Court of Chancery concluded that neither of the Rule 42(b)(iii) criteria raised by NCM—a question of law resolved for the first time in the State or the considerations of justice—weighed in favor of certification. As to the question of law, the Court of Chancery held that it properly applied the balancing test set forth in *Wolhar v. General Motors Corp.*[4] as requested by NCM. As to the considerations of justice, the Court of Chancery held that NCM should have been aware of the possibility it might wish to sue the two Illinois individuals at the time of the protective order because it had alleged in its counterclaims that these individuals helped LVI commit fraud.

(4) We refuse without prejudice NCM's application for interlocutory review of the Court of Chancery's Bench Ruling. As stated in NCM's application

[3] *LVI Group Investments, LLC v. NCM Group Holdings, LLC*, 2017 WL 5989047 (Del. Dec. 4, 2017).

[4] 712 A.2d 464, 469 (Del. Super. Ct. 1997) (balancing the proposed modification of a protective order against the opposing party's reliance upon the order to determine whether the modification would prejudice the opposing party's substantial rights).

3

papers, trial is presently scheduled for April 30, 2018.[5]  According to NCM, the earliest the statute of limitations could run for the claims it seeks to assert outside of Delaware is April, 2019.[6]  Trial court proceedings should be completed well in advance of the statute of limitations deadline.  Thus, at this time, there is no "substantial issue of material importance that merits appellate review before a final judgment."[7]  If trial court proceedings are delayed, or appellate review cannot be completed in the normal case, then NCM can renew its application, or move to expedite an appeal, as the circumstances warrant.

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED, without prejudice.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[5] NCM Group Holding Inc.'s November 13, 2017 Application for Certification of the Interlocutory Order Entered On November 1, 2017 ¶ 23.
[6] *Id*. at ¶ 21.
[7] Supreme Court Rule 42(b)(i).